FILED

December 22 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 09-0320

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 438N

PAUL NEAL COOLEY,

      Plaintiff and Appellant,

  v.

CITY OF MISSOULA,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 06-1265
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Paul Neal Cooley, Skelton & Cooley (self-represented); Missoula, Montana

      For Appellee:

          Jim Nugent, City Attorney; Susan A. Firth, Deputy City Attorney; Missoula, Montana

Submitted on Briefs:  November 25, 2009

Decided:  December 22, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Paul Neal Cooley appeals from an order of the Fourth Judicial District Court, Missoula County, granting summary judgment to the City of Missoula on Cooley's claims related to the City's zoning setback requirements.  We affirm.

¶3     On March 29, 2006, Cooley purchased two adjacent lots located on South Higgins Avenue.  A commercial building sat on one lot, into which Cooley moved his law practice, and a modular home sat on the other lot.  Shirley Weintraub, the previous owner of the property, had obtained a variance from the Missoula City Board of Adjustment (BOA) on July 26, 2000, allowing her to place the modular home with a setback of three feet instead of the ten feet required by the City's ordinance.  The BOA approved the variance on the condition that the modular home "be removed upon any transfer" of the property from Weintraub.  The deed from Weintraub to Cooley explicitly referenced the condition of the variance, but Cooley did not remove the modular home.  Consequently, the Office of Planning and Grants (OPG) sent Cooley a "Notice of Zoning Violation and

Order to Take Corrective Action" on June 6, 2006, notifying Cooley that the modular home was in violation of the condition on the zoning variance.

¶4      Cooley pursued two avenues of relief.  On December 7, 2006, he filed a petition for equitable relief, declaratory judgment, and supplemental relief with the District Court. Cooley also applied for a variance with the BOA, seeking accommodation of the modular home's existing three-foot setback.  The BOA denied the application for a variance and Cooley appealed that decision to the District Court.  The District Court, considering both the declaratory judgment action and the BOA appeal, granted summary judgment to the City on the grounds that the declaratory judgment failed to present a justiciable controversy and the BOA did not abuse its discretion in denying the variance.

¶5      Cooley's claim for declaratory judgment fails to present a justiciable issue under our precedent.  *See Miller v. State Farm Mut. Automobile Ins. Co.*, 2007 MT 85, ¶¶ 7-8, 337 Mont. 67, 155 P.3d 1278 (citing *Northfield Ins. Co. v. Mont. Assoc. of Cos.*, 2000 MT 256, ¶¶ 10, 12, 301 Mont. 472, 10 P.3d 813).  Cooley's amended petition set forth uncertain claims that failed to delineate the questions for which he sought declaratory judgment, stating "[a]fter discovery, each party should work together to develop a comprehensive list of all issues that need to be resolved by the Jury and Court . . . ."

¶6      Cooley's appeal of the BOA decision denying him a variance presented a justiciable controversy.  When considering whether to grant a variance, the BOA must ensure that: (1) the variance is not contrary to the public interest; (2) a literal enforcement of the provisions of the ordinance will result in unnecessary hardship owing to conditions

3

unique to the property; and (3) the spirit of the ordinance must be observed and substantial justice done. Section 76-2-323, MCA (2005); *Cutone v. Anaconda Deer Lodge*, 187 Mont. 515, 520-21, 610 P.2d 691, 695 (1980). After reviewing the BOA's factual findings under each element and the District Court's determination, we conclude the District Court did not err in affirming the BOA's denial of the variance request.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶8     Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS